**Entered on Docket**
**December 26, 2013**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: December 25, 2013



_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                              ) Bankruptcy Case
                                   ) No. 13-30873DM
KABITA CHOUDHURI,                  )
                                   )
                    Debtor.        ) Chapter 13
_____)
```

**MEMORANDUM DECISION REGARDING MOTION FOR SUMMARY JUDGMENT**

I.  INTRODUCTION

On December 13, 2013, this court held a hearing on the motion of Deutsche Bank National Trust Company ("Deutsche"), as Trustee for Goldman Sachs Home Equity Trust 2006-8, for summary judgment as to its standing to file its initial proof of claim (Claim No. 4-1) and its amended proof of claim (Claim No. 4-2) (collectively, the "POC") in this case. Kabita Choudhuri ("Debtor") opposed the motion, contending (among other things) that Deutsche has not established as a matter of undisputed fact that it is the holder of the underlying note or that Wells Fargo Bank N.A. ("Wells Fargo") is the servicer. Because Deutsche has not provided sufficiently complete documentary evidence to demonstrate that it is the assignee of the note or that Wells Fargo is its servicing

-1-

agent (either of which would support summary judgment here), the court is denying the motion. The standing issue will be addressed and determined at trial.

II. BACKGROUND

In December 2005, Debtor executed a promissory note ("Note") in the amount of $679,000 in favor of Wells Fargo; the Note was secured by a deed of trust ("DOT") on Debtor's property located in Mill Valley, California. Joan Mills, as Vice President of Wells Fargo, endorsed the Note in blank. The declaration of Beverly Decaro, a loan verification analyst for Wells Fargo, indicates that Wells Fargo sold the Note to Goldman Sachs Mortgage Company ("Goldman Sachs") in February 2006. Attached to Ms. Decaro's declaration is an Assignment and Conveyance Agreement that purportedly identifies the Note as one of the transferred loans. However, Deutsche did not produce the list of the assigned mortgage loans (Exhibit A to the Assignment and Conveyance Agreement) to the court in its motion. Nothing in the text of the agreement specifically identifies the Note; consequently, production of the portion of the list so identifying Debtor's loan is essential. Deutsche contends that this list contains proprietary information; assuming this is true, it could produce a redacted version.

In paragraph 8 of her declaration, Ms. Decaro asserts that Goldman Sachs assigned the Note to Deutsche by virtue of an Assignment, Assumption and Recognition Agreement. Again, the text of that agreement does not specifically identify the Note and Debtor's loan but instead refers to a loan schedule that purportedly identifies the transferred loans. Deutsche did not

provide that loan schedule to the court.  This agreement also provides that Wells Fargo is the master servicer on the loans identified in the schedule.  However, without that loan schedule, the court cannot determine as a matter of undisputed fact that Wells Fargo is Deutsche's servicing agent on the Note.

On May 29, 2013, Wells Fargo assigned the DOT to Deutsche; the assignment was recorded on June 5, 2013 in the Official Records of Marin County.  Exhibit "C" to the Declaration of Monica Cameron, Research/Remediation Specialist for Wells Fargo, at Docket No. 55-3.

III. <u>DISCUSSION</u>

As noted above, Deutsche has not provided the essential exhibits (a mortgage loan schedule) to the operative assignment agreements showing that Debtor's Note was one of many loans assigned to Deutsche and serviced by Wells Fargo.  Deutsche nonetheless asserts that it has standing to enforce the Note and DOT because its servicing agent, Wells Fargo, has physical possession of the Note.  Deutsche is correct that a person is entitled to enforce a negotiable instrument if it is the holder of the instrument or a nonholder in possession of the instrument having rights of a holder.  Cal. Comm. Code § 3301.[1]  In fact, a

---

[1] California Commercial Code § 3301 states:

"Person entitled to enforce" an instrument means (a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

-3-

"person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." *Id.* Thus, Wells Fargo as possessor of the Note could enforce it. However, Wells Fargo is not the claimant; Deutsche is. Thus, Deutsche has to demonstrate that Wells Fargo (the possessor) is its agent on the Note, or it will have to demonstrate that it is holder or in possession of the Note.[2] In either case, it will need to produce the loan schedules (even if redacted to protect information as to other assigned loans) attached to the assignment agreements, or produce the original Note.

At this point, Deutsche's own evidence is internally inconsistent. Paragraph 6 of the Ms. Decaro's declaration indicates that the Note is physically stored by Deutsche, while paragraph 15 indicates that the Note is currently held in the offices of Wells Fargo's Corporate Trust Servicer in Minnesota.

Even though the court is denying summary judgment, it overrules Debtor's contentions that (1) the assignment of the DOT from Wells Fargo to Deutsche postpetition was "illegal," and (2) that the Note and DOT are unenforceable because they were "split," with the assignment of the DOT occurring separately from the

---

[2] The "holder" of a negotiable instrument is the person in possession if the instrument is payable to bearer or endorsed in blank. Cal. Comm. Code § 1201(b)(21); *In re Macklin*, 495 B.R. 8 (Bankr. E.D. Cal. 2013) ("When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone."). In the case of an instrument payable to an identified person, the holder is the person in possession, if that person is the identified person. *Id.*

-4-

Note.[3] First, postpetition assignment of notes or mortgage instruments do not violate the automatic stay. *In re Ahmadi*, 467 B.R. 782, 791-92 (Bankr. M.D. Penn. 2012); *In re Samuels*, 415 B.R. 8, 22 (Bankr. D. Mass. 2009) ("The postpetition assignment of a mortgage and the related note from one holder to another is not a transfer of property of the estate. The mortgage and note are assets of the creditor mortgagee, not of the Debtor. Nor is the postpetition assignment of a mortgage and the related note an act to collect a debt; the assignment merely transfers the claim from one entity to another.").

Second, under California law, a deed of trust does not have an identity separate and apart from the note it secures. Therefore, if one party receives the note and another receives the deed of trust, the holder of the note prevails "*regardless of the order in which the interests were transferred.*" *Macklin*, 495 B.R. at 13 (emphasis added). *See also* H*afiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1043 (N.D. Cal. 2009) (The "request for declaratory relief is based on the erroneous theory that all defendants lost their power of sale pursuant to the deed of trust when the original promissory note was assigned to a trust pool. This argument is both unsupported and incorrect."); *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 156 Cal.Rptr.3d 912 (Cal. App. 4th Dist. 2013) (borrower does not have the right to bring a preemptive judicial action to determine defendants' standing to foreclose; foreclosing party need not have

---

[3]The amount of Deutsche's claim was not the subject of the summary judgment. The court will therefore reserve for trial the Debtor's objections based on the amounts owed under the Note.

Case: 13-30873    Doc# 72    Filed: 12/25/13    Entered: 12/26/13 08:29:19    Page 5 of 7

beneficial interest in promissory note and deed of trust).

IV. <u>CONCLUSION</u>

For the reasons set forth above, the court will deny Deutsche's motion for summary judgment.  The court will conduct the trial on Debtor's objections to Deutsche's POC and Deutsche's objection to confirmation of Debtor's Chapter 13 Plan on February 10, 2014, at 9:30 A.M. pursuant to the court's SECOND AMENDED ORDER REGARDING TRIAL DATE AND DISCOVERY DEADLINES entered on December 18, 2013 (Dkt. No. 70).

In light of this ruling, Debtor's objections to the evidence are moot.  Counsel for Deutsche should serve and upload an order denying the motion for the reasons stated in this Memorandum Decision.

**END OF MEMORANDUM DECISION**

```
 1                    COURT SERVICE LIST
   Kabita Choudhuri
 2 331 Richardson Way
   Mill Valley, CA 94941
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```